In re: **SPECIAL COUNSEL INVESTIGATION**

Nos. MISC.04–296(TFH), 04–379(TFH).

United States District Court,
District of Columbia.

Aug. 9, 2004.

Order Vacating Order in
Part Aug. 24, 2004.

See also 2004 WL 1775929.

## *ORDER*

THOMAS F. HOGAN, District Judge.

 Pending before the Court is the Motion of the UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, to hold witnesses Matthew Cooper and TIME Inc. in civil contempt of court pursuant to 28 U.S.C. § 1826. After conducting a hearing on August 6, 2004 and being fully advised, this Court finds as follows:

1. Matthew Cooper, having received a subpoena for grand jury testimony and the production of certain documents, moved to quash the subpoena, and this Court denied the motion to quash for the reasons stated in its Memorandum Opinion dated July 20, 2004.

2. Matthew Cooper has, in person and through counsel, refused to comply with the grand jury subpoena without just cause.

3. Based on this refusal, Matthew Cooper is in civil contempt of this Court.

4. TIME Inc., having received a subpoena for grand jury testimony and the production of certain documents, moved to quash the subpoena, and this Court denied the motion to quash on August 6, 2004, for the reasons stated in its Memorandum Opinion dated July 20, 2004.

5. TIME Inc., through counsel, refused to comply with the grand jury subpoena without just cause.

6. Based on this refusal, TIME Inc. is in civil contempt of this Court.

7. Matthew Cooper and TIME Inc. have indicated their intention to pursue an appeal of this Court's order to

United States Court of Appeals for the District of Columbia Circuit, and have agreed to file notices of appeal within two business days of the entry of this order. The parties have agreed to propose an expedited briefing schedule in the Court of Appeals requiring the filing of appellant's brief twelve days after the filing of notice of appeal, the filing of appellee's brief seven days after the filing of appellant's brief, and the filing of appellant's reply three days thereafter.

8. The appeals of Matthew Cooper and TIME Inc. are brought in good faith and present substantial legal questions.

Based on the foregoing findings of fact, and for the reasons stated in open court, it is hereby

**ORDERED** that:

1. Matthew Cooper is ordered confined at a suitable place until such time as he is willing to comply with the grand jury subpoena. The period of confinement shall not exceed the life of the term of the grand jury, including extensions, and in no event shall exceed eighteen months.

2. TIME Inc. is ordered to pay a fine of $1,000 per day until such time as it is willing to comply with the grand jury subpoena. The term of the fine shall not exceed the life of the term of the grand jury, including extensions, and in no event shall exceed eighteen months.

3. The order of confinement as to Matthew Cooper, and the fine ordered as to TIME Inc., are stayed, and Matthew Cooper is granted bail pending appeal of the court's finding of contempt to the United States Court of Appeals for the District of Columbia Circuit.

4. The following portions of the record will be unsealed: (a) Order and Memorandum Opinion dated July 20, 2004; (b) Response of Matthew Cooper to Motion of Government for Entry of Order to Show Cause; (c) Government's Memorandum Regarding Contempt Proceeding; and (d) transcript of the August 6, 2004 hearing.

5. All other submissions and court proceedings relating to the subject grand jury subpoenas and motions to quash will remain under seal until further order of the Court.

**SO ORDERED.**

*ORDER VACATING ORDER IN PART*

Pending before the Court is the Agreed Motion of the UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, to vacate this Court's order dated August 6, 2004 holding witnesses Matthew Cooper and TIME Inc. in civil contempt of court pursuant to 28 U.S.C. § 1826. After conducting a hearing on August 23, 2004 and being fully advised, this court finds that:

1. Matthew Cooper and TIME Inc. have provided testimony and documents in a proceeding ancillary to the subject grand jury investigation, thereby complying with the subpoenas issued to them on May 24, 2004 and August 3, 2004, respectively.

2. Based on their compliance with the grand jury subpoenas, Matthew Cooper and TIME Inc. are no longer in contempt of this Court.

Based on the foregoing findings of fact, and for the reasons stated in open court, it is hereby

**ORDERED** that:

1. That portion of the order dated August 6, 2004 in which this Court ordered that Matthew Cooper be con-

fined and that TIME Inc. pay fines until such time as they are willing to comply with the grand jury subpoenas issued to them is HEREBY VACATED.

2. All submissions and court proceedings relating the subject grand jury investigation and motions to quash other than: (a) Order and Memorandum Opinion dated July 20, 2004; (b) Response of Matthew Cooper to Motion of Government for Entry of Order to Show Cause; (c) Government's Memorandum Regarding Contempt Proceeding; and (d) transcript of the August 6, 2004 hearing, will remain under seal until further order of the Court.

**SO ORDERED.**